IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE SCOTT, | ) | CASE NO. 1:14-cv-01219 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| BRIGHAM SLOANE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

This Report and Recommendation addresses Respondent Brigham Sloane's Motion to Dismiss (Doc. 7) and Petitioner Clyde Scott's Motion for Leave to Amend and Amendment (Doc. 11).

## I. Procedural Background

On June 6, 2014, Petitioner Clyde Scott filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") wherein he has asserted the following three grounds for relief:

Ground One: The Common Pleas Court possessed no jurisdiction to try petitioner making his judgment of conviction void via Frank v. Mangum, 237 U.S. 308, (writ will issue where state judgment void for want of jurisdiction).

Ground Two: The state prosecutor's office has withheld exculpatory evidence from petitioner in violation of Brady v. Maryland, 373 U.S. 83.

Ground Three: The petitioner was denied the right to appeal, right to appellate counsel and records at state expense where the state court did not advise him of the fundamental right to appeal, which denies petitioner's rights to liberty, procedural and substantive due process of law, and equal protection under the laws.

Doc. 1, pp. 5-7. On August 22, 2014, Respondent filed a Motion to Dismiss wherein he asserts

that the Petition is subject to dismissal because Petitioner failed to exhaust his state court remedies. Doc. 7. Petitioner's response to Respondent's Motion to Dismiss is due on or before November 10, 2014. On October 17, 2014, Petitioner filed a Motion for Leave to Amend and Amendment wherein he seeks to add two additional grounds for relief:

> Proposed Ground Four: The Petitioner's trial counsel is ineffective where as here counsel failed to present evidence of actual innocence to the jury or judge.
>
> Proposed Ground Five: The Petitioner received ineffective assistance of appellate counsel due to appellate counsel not raising the fact trial of counsel's ineffectiveness. See Evitts v. Lucey, 469 U.S. 397.

Doc. 11. On October 23, 2014, Respondent filed a Response to Petitioner's motion to amend arguing that Petitioner's request to amend should be denied because amendment would be futile on the basis that the claims that Petitioner seeks to amend are "plainly without merit, unexhausted or procedurally defaulted." Doc. 12. Respondent also contends that, if his pending Motion to Dismiss is granted, Petitioner's motion to amend would become moot. Doc. 12.

## II. Recommendation

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the undersigned recommends that the Court **GRANT** Petitioner's Motion for Leave to Amend and Amendment (Doc. 11) and deem Petitioner's Petition amended to include Grounds Four and Five as set forth in his Motion for Leave to Amend and Amendment (Doc. 11).

In light of the recommendation to grant Petitioner's motion to amend, the undersigned recommends that the Court **DENY** Respondent's Motion to Dismiss (Doc. 7) as moot without prejudice.

Dated: November 3, 2014

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

3