IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clyde Scott,

                Petitioner,                Case No. 1:14 CV 1219

     v.

                                          ORDER

Brigham Sloane,

                Respondent.

## INTRODUCTION

On June 6, 2014, *pro se* Petitioner Clyde Scott filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The Court referred the matter to Magistrate Judge Burke for a Report and Recommendation (R&R). On August 22, 2014, Respondent filed a motion to dismiss. (Doc. No. 7). Mr. Scott then filed a motion to amend his petition, requesting to add the following two grounds to his habeas petition: 1) his trial counsel was ineffective for failing to present evidence that the "state's only identifying eyewitness [Ashley Popeko] did not identify the Petitioner" in a photo array; and 2) his appellate counsel was ineffective for failing to attribute this deficiency to trial counsel on appeal. (Doc. No. 11). On November 3, 2014, the Magistrate Judge issued an R&R recommending that Mr. Scott's motion to amend be granted and Respondent's motion to dismiss be denied without prejudice as moot. (Doc. No. 13).

Respondent objected to the Magistrate Judge's R&R on the basis that Mr. Scott's request for amendment with respect to his ineffective assistance of trial counsel claim should be denied as futile because it had not been exhausted in state court. (Doc. No. 17). In his motion to dismiss, Respondent also claims that grounds one and three of Mr. Scott's petition had not been exhausted

in state court.[1] (Doc. No. 7). While objections were pending, it appears Mr. Scott may have exhausted his ineffective assistance of trial counsel claim, and possibly grounds one and three of his petition in state court. (Doc. No. 19-2 at 1). Due to the voluminous and unnavigable record, I cannot discern whether these claims are exhausted.[2]

Because exhaustion is the premise of Respondent's argument in both motions, Respondent is directed to file a supplemental brief specifically addressing whether these claims have been exhausted and identifying with particularity the corresponding documents in the record.[3] If these claims have been exhausted, Respondent is directed to inform me as to how this affects his position with respect to the motion to amend, and grounds one and three as relayed in Respondent's motion to dismiss. Respondent has thirty (30) days to comply with this order. Once Respondent has filed supplemental briefing, Mr. Scott has twenty-eight (28) days to reply.

So Ordered.

s/ *Jeffrey J. Helmick*
United States District Judge

---

[1] Respondent should note Mr. Scott has withdrawn ground two of his petition. (Doc. Nos. 18, 19).
[2] Respondent filed the entire state record as one document without hyperlinks to exhibits. Therefore, it is very difficult for me to discern where certain state court filings appear in the record.
[3] The parties' supplemental briefing and response shall not exceed twenty (20) pages pursuant to Local Rule 7.1(f).