IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clyde Scott,

                Petitioner,                Case No. 1:14 CV 1219

    v.                                              MEMORANDUM OPINION AND
                                                      ORDER

Brigham Sloane, Warden

                Respondent.

## INTRODUCTION

On June 6, 2014, *pro se* Petitioner Clyde Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  The Court referred the matter to Magistrate Judge Kathleen Burke for a Report and Recommendation (R&R).  On August 22, 2014, Respondent filed a motion to dismiss.  (Doc. No. 7).  Mr. Scott requested and was granted an extension to file a response until November 10, 2014.  (Doc. No. 10).  In the interim, on October 17, 2014, Mr. Scott filed a motion to amend his petition, requesting to add two additional grounds.  (Doc. No. 11).  On November 3, 2014, seven days prior to the due date of Mr. Scott's response to the motion to dismiss, the Magistrate Judge issued the R&R recommending Respondent's motion to dismiss be denied without prejudice as moot, and Mr. Scott's motion to amend be granted because "[t]he court should freely give leave when justice so requires."  (Doc. No. 13 at 2).

Both Respondent and Mr. Scott filed objections to the R&R.  (Doc. Nos. 17, 18).  Mr. Scott also filed motions for an evidentiary hearing and appointment of counsel (Doc. Nos. 20, 21), and twice requested to "withdraw his Habeas Corpus Ground Two."  (Doc. No. 18, 19).

For the reasons stated below, Mr. Scott's motions for an evidentiary hearing and appointment of counsel are denied, and I adopt the Magistrate Judge's recommendations in part.

To that end, Respondent's motion to dismiss is denied as moot without prejudice and Mr. Scott's motion to amend is denied.

## DISCUSSION

**Motion to Dismiss**

At the time Respondent filed his motion to dismiss, he claimed grounds one and three of Mr. Scott's petition had not been exhausted in state court. (Doc. No. 7). Because it appeared Mr. Scott had exhausted these claims in the interim, I directed Respondent to file a supplemental brief to address the same. (Doc. No. 19-2 at 1). Respondent filed the supplemental brief and conceded grounds one and three had been exhausted. (Doc. No. 24). In the meantime, Mr. Scott had withdrawn ground two of his petition. (Doc. Nos. 18, 19). Accordingly, I adopt the Magistrate Judge's recommendation denying Respondent's motion to dismiss as moot without prejudice.

**Motion to Amend**

Pursuant to 28 U.S.C. § 2242, a federal habeas petition may be amended according to the requirements set forth in Federal Rule of Civil Procedure 15. The Magistrate Judge correctly noted Rule 15 allows a court to "freely give leave when justice so requires." (Doc. No. 13 at 2); Fed. R. Civ. P. 15(a)(2). It is also within a court's discretion, however, to refuse a requested amendment if amending would be futile, i.e., the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745-46 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986). A requested amendment may be futile, and therefore denied, if the proposed claims lack merit. *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). An amendment may also be denied as futile if a claim has not been exhausted. *Schneider v. Rivard*, No. 2:11-CV-15690, 2013 WL 6095510, at *2 (E.D. Mich. Nov. 20, 2013).

Mr. Scott seeks to amend his petition because his trial counsel allegedly failed to bring forth a witness at trial - Ashley Popeko - who identified someone other than Mr. Scott in a police photo-

2

array. (Doc. Nos. 11, 18, 19). Specifically, he requests to add the following additional grounds for relief: 1) his trial counsel was ineffective for failing to present evidence that the "state's only identifying eyewitness [Ashley Popeko] did not identify the Petitioner" in a photo array; and 2) his appellate counsel was ineffective for failing to attribute this deficiency to trial counsel on appeal. (Doc. No. 11).

The Magistrate Judge recommends granting Mr. Scott's motion to amend. (Doc. No. 13). By way of explanation, the Magistrate Judge states, "[t]he court should freely give leave when justice so requires." (Doc. No. 13 at 2) (citing Fed. R. Civ. P. 15(a)(2)). Respondent objects to the Magistrate Judge's R&R and argues the amendments are futile because Mr. Scott did not exhaust his ineffective assistance of trial counsel claim in state court and his ineffective assistance of appellate counsel claim is procedurally defaulted. (Doc. Nos. 12, 24). I find Respondent's objections well-taken.

Mr. Scott's ineffective assistance of appellate counsel was procedurally defaulted, and thus futile, when he filed an untimely Rule 26(B) motion in state court. The time requirements the state established for Rule 26(B) applications are adequate and independent state grounds which may foreclose habeas relief. *Landrum v. Mitchell*, 625 F.3d 905, 917 (6th Cir. 2010); *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir. 2008). Moreover, Mr. Scott failed to appeal the denial of his untimely Rule 26(B) application to the Supreme Court of Ohio, and an appeal may no longer be taken. *See Wright v. Lazaroff*, 643 F. Supp. 2d 971, 994 (S.D. Ohio 2009) (a delayed appeal is not available for a Rule 26(B) decision).

Mr. Scott also proposes to amend the petition to include a claim that his trial counsel was ineffective for failing to present evidence that the "state's only identifying eyewitness [Ashley Popeko] did not identify the Petitioner" in a photo array. (Doc. No. 11). Mr. Scott, however, has not raised this claim in any of his state court filings. Ms. Popeko was not a witness at Mr. Scott's

3

trial. Therefore, I must construe Ashely Popeko's photo-array viewing as evidence outside the record. Because Mr. Scott's claim is based on evidence outside the record, he still has the remedy of a delayed post-conviction petition pursuant to Ohio Rev. Code. § 2953.21(A) to raise his ineffective assistance of trial counsel claim. *State v. Cooperider*, 448 N.E.2d 452, 454 (Ohio 1983). Even if it is unlikely that the trial court will entertain a post-conviction petition, federal courts must still provide the state court the opportunity to exercise its discretion in favor of the availability of the remedy. *Cunningham v. Hudson*, 756 F.3d 477, 484-85 (6th Cir. 2014); *Godbolt v. Russell*, 82 F. App'x 447, 450 (6th Cir. 2003) (affirming district court's dismissal of ineffective assistance of counsel claims on exhaustion grounds even though it was unlikely a second post-conviction petition would prevail because "it is for the state courts to interpret and enforce their laws on such issues.").

Because a state court remedy exists, Mr. Scott's ineffective assistance of trial counsel claim has not been properly exhausted – and his claim is futile. Moreover, if Mr. Scott was permitted to amend his petition to include this claim, his entire petition would be subject to dismissal as a mixed petition. *Schneider v. Rivard*, No. 2:11-CV-15690, 2013 WL 6095510 at *2 (E.D. Mich. Nov. 20, 2010). A stay would not appropriate under *Rhines* because his claim lacks merit, as further described below. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Mr. Scott's claim premised on trial counsel's failure to call Ashley Popeko lacks merit because he cannot satisfy either prong of the *Strickland* analysis. Counsel did not act unreasonably in failing to call her as a witness, and Mr. Scott cannot demonstrate prejudice. His ineffective assistance of appellate counsel lacks merit for the same reason.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner had ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. This requires a showing that counsel made errors so serious that he or she was not functioning as

4

counsel as guaranteed by the Sixth Amendment. *Id.* Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

An attorney's performance may be deemed deficient for failure to investigate and present witnesses who may testify in a manner favorable to a defendant. *Matthews v. Abramajtys*, 319 F.3d 780, 789-90 (6th Cir. 2003) (trial counsel was deficient for failing to call a number of witnesses who failed to identify a defendant in a line-up or present a variety of alibi witnesses); *Workman v. Tate*, 957 F.2d 1339, 1345 (6th Cir.1992) (finding counsel deficient for failing to interview and call two witnesses who were with defendant at time of his arrest for felonious assault and having a weapon while under a disability). This, however, was not the case here.

Mr. Scott was charged with kidnapping, aggravated robbery, felonious assault, theft, and having a weapon under disability for two separate incidents of armed robbery occurring on the same day, within minutes of each other, against two victims. Both robbery victims identified Mr. Scott as the perpetrator and testified to the same. (Doc. No. 7-2 at 107). To be sure, victim Williams testified Mr. Scott was "right there in my face" and he was "100 percent positive" Mr. Scott was one of the two men who robbed him at gun point. (Doc. No. 7-2 at 106-07). Victim Williams then watched the two men - minutes later - drag another man into an alley and rob him. (*Id.*). Victim Polk, the second victim, testified he was "100 percent positive" Mr. Scott was the man who held the gun to his head while he was being robbed. (*Id.* at 108). "After the men were arguing whether to shoot Polk, Polk took off running . . . . [and] was shot in his buttocks." (*Id.*). Shortly after the robberies, Mr. Scott was spotted by police with his accomplice based on the victims' description. (*Id.*). Mr. Scott's accomplice was apprehended with the victims' personal items on his person. (*Id.*). Mr. Scott fled, but was found hiding in a dumpster, and subsequently tested positive for gunshot residue. (*Id.* at 109).

5

Contrary to Mr. Scott's claims, Ashley Popeko was not the "state's only identifying eyewitness." (Doc. No. 11). Rather, it is clear from the record she was neither a state's witness nor the only witness in the case. Ashley Popoko gave a statement to police and viewed a photo array two days after the crime occurred – a crime she had viewed from "across the street." (Doc. No. 11-1). Given both victims' identification of Mr. Scott, their testimony, and their proximity to Mr. Scott during the crimes, Ashley Popeko's failure to identify him in a photo array did not have the potential to exonerate Mr. Scott, or to plant the seeds of reasonable doubt. More importantly, it appears Ashley Popeko's failure to identify Mr. Scott would not have materially affected any of the testimony presented at trial. Indeed, Mr. Scott does not dispute either of the victims' eyewitness accounts or testimony at trial – he only claims his counsel was ineffective for failing to call Ms. Popeko as a witness. Accordingly, Mr. Scott's trial counsel was not deficient, nor was Mr. Scott prejudiced.

Similarly, appellate counsel's failure to raise an issue on appeal constitutes ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005). For the same reasons explained above, I find inclusion of Ashley Popeko's testimony indicating her failure to identify Mr. Scott in a police photo array would not have changed the result of an appeal. Accordingly, Respondent's objections are well-taken and Mr. Scott's motion to amend is denied.

**Motions for Appointment of Counsel and Evidentiary Hearing**

Mr. Scott also filed a motion requesting appointment of counsel because he was being "assisted by a Constitutional Writ writer, and [he] does not know when this inmate will be transferred or freed." (Doc. No. 20). In addition, Mr. Scott requested an evidentiary hearing to develop facts for the purpose of establishing actual innocence. (Doc. No. 21). Mr. Scott alleges "facts may be developed as to why counsel did not call Ashley Popeko as a witness," and whether

6

statements and photo line-up were given to "alleged victim Mr. Polk and Mr. Williams." (Doc. No. 21). Mr. Scott did not further support either request.

There is no constitutional right to the appointment of counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision of whether to appoint counsel lies within the discretion of the district court, and is appropriate only where "the interests of justice" or "due process so require[s]," and if the person is financially eligible. 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases," and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002); *Mira*, 806 F.3d at 638. Appointment of counsel in a habeas case is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, appointment of counsel remains discretionary. *Id.*

Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir.2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker*, 266 F.3d 442, 459–60 (6th Cir. 2001).

An evidentiary hearing is not warranted if, as here, it would be futile because the existing

7

record is complete, and no fact that could have been developed would result in the granting of the writ. *Martin v. Hall*, 2012 U.S. Dist. LEXIS 22637, at *6, 2012 WL 601912 (N.D. Ohio). Accordingly, Mr. Scott's motions for an evidentiary hearing and appointment of counsel are denied.

## CONCLUSION

For the reasons stated above, I adopt the Magistrate Judge's R&R with respect to her denial of Respondent's motion to dismiss as moot without prejudice. (Doc. No. 7). Mr. Scott's motion to amend, however, is denied. (Doc. No. 11). In addition, Mr. Scott's motions for an evidentiary hearing and appointment of counsel are also denied. (Doc. Nos. 20, 21).

So Ordered.

    s/ *Jeffrey J. Helmick*
United States District Judge