UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Clyde Scott,                                              Case No. 1:14-cv-1219

        Petitioner

    v.                                                   MEMORANDUM OPINION

Brigham Sloane,

        Respondent

## I.    INTRODUCTION

Before me are the objection of Petitioner Clyde Scott (Doc. No. 41) to the Report and Recommendation of Magistrate Judge Kathleen B. Burke. (Doc. No. 37).

## II.    BACKGROUND

After reviewing the state court record, I find Magistrate Judge Burke has accurately and comprehensively set forth the factual background and procedural history of this case. I adopt those sections in full. (Doc. No. 37 at 1-9).

Briefly, on or about December 27, 2011, Petitioner Clyde Scott was indicted on eleven felony counts with several added firearm specifications. (Doc. No. 24-1 at 1-8). Following a jury trial, Scott was convicted of all but one of these counts including the accompanying firearm specifications charged. *Id.* at 14-16. Scott was sentenced to a total of 24 years in prison. *Id.* at 14-16.

With the assistance of appointed counsel, Scott appealed. *Id.* at 21-76. On appeal, Scott raised three assignments of error. *Id.* at 29. Among these was the following:

> The trial court abused its discretion by imposing a 24 year consecutive prison sentence on the Appellant that was contrary to law, unduly harsh, and unsupported by the Record. (*Record @ p. 37 and Transcript @ pps. 544-558*).

*Id.* at 29. The Court of Appeals did not address this sentencing-related assignment of error but concluded *sua sponte* that the trial court committed a "plain error" by "improperly sentence[ing] Scott on allied offenses of similar import[,]" "even though the trial court ordered that some of the allied offenses be served concurrently to each other." *Id.* at 113-17. The Court of Appeals vacated Scott's sentence and remanded the case for resentencing. *Id.* at 117.

On June 12, 2013, the resentencing hearing was held. (Doc. No. 45-1 at 3). Scott was represented by his appointed appellate counsel. *Id.* at 1. While the court discussed and allegedly merged allied offenses, Scott was sentenced to 24 years once again. *Id.* at 16. During the hearing, Scott was not advised of his right to appeal, right to appointment of appellate counsel, and right to provision of the record at state expense. (Doc. No. 29 at 16, Doc. No. 42; Doc. No. 45).

Scott filed a timely notice of appeal and a motion for appointment of appellate counsel on July 8, 2013.[1] (Doc. No. 24-1 at 139-40, 145-46). On August 12, 2013, the trial court denied Scott's motion for appointment of counsel. *Id.* at 141. Subsequently, on August 27, 2013, the Ohio Court of Appeals dismissed his appeal *sua sponte* for failure to file the record. *Id.* at 149.

Scott did not appeal the dismissal to the Supreme Court of Ohio. Instead, he moved for a delayed appeal in October 2013, citing the failure of the trial court and his appointed public defender to advise him of his appellate rights. *Id.* at 156-61. The Court of Appeals denied the motion on November 12, 2013. *Id.* at 162.

It was not until after Scott filed his federal habeas petition that he moved the Supreme Court of Ohio for delayed appeal in September 2014. *Id.* at 197-228. One ground asserted as good cause for the delay was that he was not advised of his appellate rights at the resentencing hearing. *Id.* at 201. The motion was denied summarily. *Id.* at 229.

---

[1] Although the resentencing hearing was held nearly a month prior, the journal entry was not signed by the trial court judge until July 8, 2013, and was not file stamped until July 9, 2013. (Doc. No. 24-1 at 137-38).

2

Following this judgment by the Supreme Court of Ohio, Respondent conceded the following two remaining grounds for relief had been exhausted:

> **Ground One**: The common pleas court possessed no jurisdiction to try petitioner making his judgment of conviction void via Frank v. Mangum, 237 U.S. 308, (writ will issue where state judgment void for want of jurisdiction):
> > **Supporting Facts**: The Petitioner has never been charged with committing a crime, and Petitioner has committed NO CRIME. Therefore his imprisonment is in violation of the United States Constitution, because no State or Federal Court has Jurisdiction to try the Petitioner where as here he has violated no law or committed an offense against the law, which renders Petitioner's SENTENCE VOID; JUDGMENT VOID; CONVICTION VOID as having been entered by a Court in want of jurisdiction.
> **Ground Three**: The Petitioner was denied the right to appeal, right to appellate counsel and records at state expense where the state court did not advise him of the fundamental right to appeal, which denies Petitioner's rights to liberty, procedural and substantive due process of law, and equal protection under the laws:
> > **Supporting Facts**: No Court has ever advised Petitioner of his United States Constitutional Right to appeal, therefore his present imprisonment by Brigham Sloane, Warden at the Lake Erie Correction Institution, 501 Thompson Road, Conneaut, Ohio 44030-8000 is without jurisdiction and illegal.

(Doc. No. 1 at 5, 7; Doc. No. 26). Magistrate Judge Burke now recommends ground one of Scott's petition be denied on the merits and ground three be dismissed as procedurally defaulted.[2] Coleman objects to both findings.

### III. STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on

---

[2] Scott withdrew his second ground for relief. (Doc. Nos. 1, 18, 19).

3

those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

### IV.  DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010). Procedural default applies both: (1) "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (independent and adequate state ground doctrine); and (2) when a petitioner fails to "timely" pursue a claim in the State's "ordinary appellate review procedure." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A claim barred by procedural default may only be considered on the merits if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)); *Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977); *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

## A. GROUND ONE

In his objections to the first ground for relief, Scott contends the trial court was without subject matter jurisdiction because the clerk did not file stamp every page of the indictment. Scott cites no authority to support the claim that every page of the indictment must be file stamped. Instead, he relies on the fact that the jury foreperson and the prosecuting attorney signed every page.

Ohio Rule of Criminal Procedure 6(F) provides that, "[t]he indictment shall be… filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets." The indictment is eight pages in length, each labeled accordingly as "Page [#] of 8." (Doc. No. 24-1 at 1-8). The indictment itself is the *entire* eight-page document; each of the eight pages is not a singular indictment. Because the clerk file stamped the first page of the indictment as "Received for Filing Jan 05 2012" and subsequently entered the case, charging Scott of the counts contained on the eight-page indictment, I concur with the Magistrate Judge's conclusion that this ground for relief is meritless and deny relief for ground one.

## B. GROUND THREE

Scott claims that he is entitled to habeas relief because he was denied his appellate rights following his resentencing in June 2013 when the trial court failed to advise him of these rights. Respondent does not dispute the fact that he was not notified of the rights but states the ground for relief is barred by procedural default. (Doc. No. 29 at 16, Doc. No. 42). Magistrate Judge Burke agreed with Respondent. (Doc. No. 37).

In the R & R, Magistrate Judge Burke first concluded the ground for relief was procedurally defaulted. (Doc. No. 37 at 15-16). On this point, I agree. Scott objects that procedural default does not apply since the Supreme Court of Ohio never ruled on the merits of the ground. (Doc. No. 41 at 6). But because Scott failed to timely appeal to the Supreme Court of Ohio, the denial of his motion for delayed appeal is considered a procedural ruling resulting in procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) ("Where a state court is entirely silent as to its

reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar.").

Following the conclusion on procedural default, Magistrate Judge Burke found that even if cause existed to excuse the default, prejudice did not. (Doc. No. 37 at 16-17). Citing to *Penson v. Ohio*, 488 U.S. 75 (1988), Scott objects that the denial of counsel on appeal constitutes prejudice. (Doc. No. 41 at 5). I agree with Scott.

It has long been recognized that the Sixth Amendment right to counsel extends to an appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963). The State's failure to appoint counsel denies a criminal defendant this fundamental right. *See Douglas*, 372 U.S. 353. Accordingly, the trial court violated Scott's Sixth Amendment right to counsel by denying his motion for appointment of appellate counsel following the resentencing.[3] This violation is "cause" to excuse procedural default.[4] *See Coleman*, 501 U.S. at 754; *see also Restrepo v. Kelly*, 178 F.3d 634, 639-41 (2d. Cir. 1999).

Concluding cause exists here, I turn now to prejudice. In *Penson*, the Court held that "the presumption of prejudice must extend … to the denial of counsel on appeal." *Id.* at 88. In so holding, the Court noted that the *Strickland* prejudice analysis does not apply when a criminal defendant is completely denied the right to representation on an appeal as of right. 488 U.S. at 86, 88-89. Thus, since Scott was not represented by allegedly ineffective counsel but was completely denied the representation of counsel on appeal, the projected outcome of an appeal of the resentencing is irrelevant. Prejudice is established by the denial of appellate counsel.

---

[3] Scott was represented by appointed counsel throughout his trial, appeal, and resentencing on remand from the Court of Appeals. Therefore, it is assumed that he was eligible for appointment of counsel.

[4] In the return of writ, Respondent states that Scott has failed to show cause because of his delay in appealing to the Supreme Court of Ohio. But because the trial court expressly denied this fundamental right which resulted in dismissal of the appeal on procedural grounds, I conclude this error so tainted the appellate process as to deprive Scott the opportunity for meaningful review on the merits.

In sum, I conclude procedural default for this third ground for relief is excused by cause and prejudice. Accordingly, I remand this case back to the state court for appointment of appellate counsel to assist on the appeal of Scott's resentencing hearing.

**C.  MANIFEST INJUSTICE**

In response to the Magistrate Judge's finding regarding manifest injustice, Scott now contends he is actually innocence. In support, he claims the "only eye-witness" did not identify him. (Doc. No. 41 at 6-7). But as I previously stated, this is not true. The woman he identified was not the only eyewitness. (Doc. No. 26 at 5-6). Indeed, the convictions were supported by other testimony, including that of a victim. Because there is sufficient evidence to support the conviction, the omission of this witness's testimony falls short of proving Scott is factually innocent.

**V.  CONCLUSION**

For the foregoing reasons, I adopt the Magistrate Judge's R & R in all respects, except as it relates to the third ground for relief. Regarding the third ground for relief, I adopt the conclusion that the ground is procedurally defaulted but reject the conclusion that default is not excused. The matter is remanded to state court for appointment of appellate counsel.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge